■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BANFIELD, Appellant. [599 NYS2d 227] —Reargument granted and, upon reargument, the unpublished decision and order of this Court entered on February 9, 1993 (Appeal No. 48077) is recalled and vacated and a new decision and order substituted therefor:

Judgment, Supreme Court, Bronx County (Edward Davidowitz, J.), rendered November 7, 1990, convicting defendant, after trial by jury, of criminal possession of a controlled substance in the first degree and criminally using drug paraphernalia in the second degree and sentencing him to concurrent terms of imprisonment of 15 years to life and one year, respectively, unanimously reversed, on the law, and the matter remanded for a new trial.

Our previous memorandum order on this appeal is hereby superceded. Upon reargument, we are persuaded that certain statements by a member of the District Attorney's office to a prosecution witness indicating that a decision on his part to testify for the prosecution would be instrumental in their working out a "favorable disposition" on pending charges constituted a promise which served as a *quid pro quo* for the witness' cooperation. In this situation, the prosecution's failure to disclose the statements to the defense and its permitting the witness to testify that no promises were made was

improper *(People v Novoa,* 70 NY2d 490, 497; *People v Lewis,* 174 AD2d 294). Under the circumstances of this case, reversal is therefore required. Concur—Carro, J. P., Milonas, Ellerin and Asch, JJ.