■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARLINGTON BYFIELD, Appellant. [— NYS2d —] —Upon the Court's own motion, the order of this Court entered on March 30, 1993 (M-819) be and the same is recalled and vacated, the motion granted to the extent of permitting reargument, and upon reargument, the unpublished decision and order of this Court entered on January 14, 1993 (Appeal No. 47815) is recalled and vacated and a new decision and order substituted therefor:

Judgment, Supreme Court, Bronx County (Edward Davidowitz, J.), rendered November 7, 1990, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree and criminally using drug paraphernalia in the second degree and sentencing him to concurrent terms of fifteen years to life and one year, respectively, unanimously reversed, on the law, and the matter remanded for a new trial.

In a companion case, *People v Banfield* (194 AD2d 330 [decided herewith]), involving a defendant who was tried and convicted with defendant, this Court, on a grant of reargument based on the *Brady* issue raised on direct appeal in this matter as well as in *Banfield,* is, on reargument, reversing the conviction and remanding for a new trial on the ground that the People withheld from the defendant and the jury the fact that, in consideration of the testimony of a key prosecution witness, a promise had been made to the witness of a "favorable disposition" of the charges against him arising out of the same indictment. The same result is compelled in the instant matter.

On our own *de novo* review of the matter, we note that before the witness took the stand the prosecutor stated that the witness was testifying "under his own volition", noting, "The People have not made any promises to him as far as his pending case is concerned, no promises whatsoever." In fact, as the record of the post-trial hearing discloses, a supervising attorney from the prosecutor's office told the witness, "[I]t's a question of trust. We trust you. If you trust us, we trust you. You testify on the witness stand, and we will work out a disposition that will be favorable to you, but we can't tell you any promises. We make no promises what they will be."

In his trial testimony, the witness repeatedly denied being given any promise for his testimony, although at one point he stated that he understood that his case was to be dropped or the charges reduced. He retreated from this statement, however, and continued to deny that any promise had been made. So profuse where his denials of any "deal" that at one point the court, exasperated at the number of times the question as to what benefit the witness expected as a result of his testimony, stated, "Last time I'm going to let that question be asked. It's been asked at least a half a dozen times. I'll allow it this time. Let's see what the answer is." The witness answered, "Nothing". The trial court reiterated the answer by commenting, "Nothing, okay". The prosecutor repeated this theme in her summation, stating repeatedly, "There was no deal made".

In the circumstances, we believe that the prosecutor's and witness's specific denials of any promise or other motivation for the witness's testimony mandate reversal. Concur—Sullivan, J. P., Milonas, Ellerin and Wallach, JJ.